# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES LEWIS ATKINS, JR.,

    *Plaintiff*,

vs.

DR. JOHN DOE*, et al.*

    *Defendants*.

2:09-cv-02296-JCM-LRL

ORDER

This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the court for initial review under 28 U.S.C. § 1915A.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868

(2009). That is, bare, naked and conclusory assertions that merely constitute formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the present case, plaintiff James Atkins seeks to raise claims concerning the medical care that he received while in NDOC custody. He seeks injunctive relief and monetary damages.

The present complaint does not state a claim upon which relief may be granted and/or fails to state a viable claim upon a nonfictitious defendant upon whom service actually can be ordered.

Plaintiff seeks to proceed against: (a) Dr. John Doe, a physician at High Desert State Prison ("High Desert"), in his individual and official capacities; (b) Dr. Munsford, another physician at High Desert, in no designated capacity; (c) "H.D.S.P. Med. Administration," in its

official capacity; (d) "N.N.C.C. Med. Admen.," in its official capacity; (e) the State of Nevada; and (f) High Desert Warden John Doe, in his official capacity.

Plaintiff's claims against the State of Nevada are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). State sovereign immunity bars suit in federal court against a State or an arm of a State regardless of the relief sought. *See,e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984). State sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time during the judicial proceedings either by the parties or by the court *sua sponte*. *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). The claims asserted against the State of Nevada therefore must be dismissed without prejudice under the Eleventh Amendment for lack of jurisdiction over the subject matter.

Neither the "H.D.S.P. Med. Administration" nor the "N.N.C.C. Med. Admen." constitute a juridical person subject to suit. A department at a correctional facility is not a juridical person.

Plaintiff further fails to present viable official capacity claims against any individual correctional officer defendant.

As to the claims for monetary damages, plaintiff may not recover monetary damages from the defendants in their official capacity. First, claims for monetary damages from the individual defendants in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See,e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10, 109 S.Ct. 2304, 2312 n.10, 105 L.Ed.2d 45 (1989).

Plaintiff may seek injunctive relief directed to a state officer in his official capacity. The only individual officers identified in the complaint, however, are employed at High Desert. At the time that the complaint was filed, plaintiff was incarcerated instead at Southern Desert

Correctional Center ("Southern Desert"). And he now is incarcerated at the Warm Springs Correctional Center. Any claims for injunctive relief as to High Desert officers accordingly is moot as to those defendants.

The only individual defendant actually named in the complaint other than by a fictitious name is Dr. Munsford. Assuming, *arguendo*, that plaintiff seeks to proceed against Dr. Munsford in his individual capacity, the present complaint fails to state a claim against the physician. Petitioner alleges that the High Desert physician saw him on May 8, 2009, and told him that he would hear something from the Northern Nevada Correctional Center in two to four weeks. Subsequently, a medical provider at Southern Desert told him that Dr. Munsford's report said that he had a torn rotator cuff. Plaintiff alleges that he "ask[ed] why they [turn] down the M.R.I. [and] he said because it was [preexisting.]." These allegations suggest only that Dr. Munsford examined plaintiff and prepared a report to others at a different facility. Nothing in these sparse allegations suggests that the High Desert physician made the decision to deny plaintiff an M.R.I. and/or further care or that the physician otherwise knew of and disregarded an excessive risk to inmate health or safety. The allegations fail to state a claim under the applicable Eighth Amendment standard.[1]

Service cannot be effected against the remaining Dr. John Doe defendant, who is named only fictitiously, even if, *arguendo*, the complaint otherwise stated a claim against the fictitious defendant in his individual capacity.

The court will give plaintiff an opportunity to file an amended complaint presenting a viable claim or claims against a nonfictitious defendant upon whom service may be effected.

---

[1] In order to state a claim for relief for deliberate indifference to serious medical needs, plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See,e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See,e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild,* 891 F.2d 240, 241-42 (9th Cir.1989).

1   If plaintiff files an amended complaint, he should note the following.

2   First, in the space of the complaint form for describing the "nature of the case," plaintiff should briefly summarize – in the space provided – only the most basic allegations of the case, such as, for example, that prison officials were deliberately indifferent to a serious medical need in violation of the Eighth Amendment. The "nature of the case" portion of the complaint form is not the place to set forth extensive and detailed factual allegations. The specific factual allegations instead should be made under one or more of the counts in the complaint.

Second, plaintiff must state a claim in a count in the body of the complaint itself. Plaintiff may not merely state conclusorily "Due Process, Deliberate Indifference" and "See Exhibits and Medical Records." Such a vague reference to various records with no factual allegations completely fails to state any constitutional claim. Plaintiff must state the factual allegations supporting his claims in the complaint itself without incorporation of records at other locations.

Third, none of the allegations in the complaint state a due process claim.

IT THEREFORE IS ORDERED that the clerk of court shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-02296-JCM-LRL, above the word "AMENDED" in the space for "Case No."

Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

The clerk of court shall provide plaintiff with a copy of the original complaint that he submitted together with two copies of a § 1983 complaint form and one copy of the instructions for same.

If an amended complaint is filed in response to this order, the court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the clerk for filing, a final judgment dismissing this action will be entered. If the amended complaint does not correct the deficiencies identified in this order and otherwise does not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.

DATED: November 9, 2010.

_____
JAMES C. MAHAN
United States District Judge