# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES LEWIS ATKINS, JR.,

    *Plaintiff*,

vs.

DR. JOHN DOE*, et al.*

    *Defendants*.

2:09-cv-02296-JCM-GWF

ORDER

    This *pro se* prisoner civil rights action comes before the court on the plaintiff's motion (#12) for voluntary dismissal.

    The court dismissed the complaint with leave to file an amended complaint. A final judgment has not been entered at this juncture.

    In the present filing, plaintiff asserts that he has been unable to get the information needed to file an amended complaint due to not being able to have copies of his prison medical records. He has been granted parole, and he was released from physical custody on March 21, 2011. He states that he intends to retain an attorney after his release. Plaintiff requests that the court dismiss the action without prejudice so that he may refile the matter after his release. Plaintiff requests that he be allowed to file under the same docket number so that he will not have to pay another filing fee.

    The court is not inclined to dismiss the matter subject to the conditions requested. Plaintiff in truth is requesting a stay rather than a voluntary dismissal, as he wishes to be able to revive proceedings in this action without paying a filing fee for a new action. If this matter instead were voluntarily dismissed, he would have to file a new action and pay the filing fee.

1  In this regard, plaintiff is not necessarily wholly barred from all access to his medical
2  records. While Nevada correctional regulations bar an inmate from having copies of his
3  medical records in his possession in the institution, the regulations do allow an inmate to view
4  his medical records at least once a calendar year subject to certain conditions. See NDOC
5  Administrative Regulation 639.03 (11/25/10 superceding revision).

6  Further, plaintiff may wish to note that federal civil rights claims filed in Nevada are
7  subject to a two-year statute of limitations. No action by this court serves to toll the running
8  of the limitations period as to any claim and/or defendant. It is plaintiff's responsibility to
9  timely assert viable claims against a defendant or defendants. At present, the claims in this
10 action have been dismissed without prejudice with leave to amend. The court expresses no
11 opinion as to whether the present state of the record in this matter preserves any claim
12 against any defendant as against a limitations defense.[1]

13 IT THEREFORE IS ORDERED that the plaintiff's motion (#12) for voluntary dismissal
14 is DENIED without prejudice. Plaintiff may move for an unconditional voluntary dismissal at
15 any time, but the court will not enter a dismissal subject to the conditions in the motion.

16 IT FURTHER IS ORDERED that the deadline for filing an amended complaint in
17 response to the court's prior orders is extended up to and including thirty (30) days after entry
18 of this order. If plaintiff does not timely mail an amended complaint to the clerk for filing or
19 seek other appropriate relief by the extended deadline, a final judgment dismissing this action
20 will be entered without further advance notice.

21 DATED: March 23, 2011.

_____
JAMES C. MAHAN
United States District Judge

---

27 [1] On the other hand, certain provisions of the Prison Litigation Reform Act (PLRA) do not apply to an
28 entirely new civil action filed after a release from custody. *See, e.g., Talamantes v. Leyva*, 575 F.3d 1021 (9th Cir. 2009).